Case 1:19-cv-00054-JAP-JHR   Document 1-1   Filed 01/18/19   Page 1 of 20

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/25/2018 12:47 PM
James A. Noel
DeAnne Santistevan

SECOND JUDICIAL DISTRICT
STATE OF NEW MEXICO
BERNALILLO, NEW MEXICO

| | | |
|---|---|---|
| ST. PAUL'S UNITED METHODIST CHURCH | § § § § | |
| *Plaintiff* | § | |
| v. | § § § | CIVIL ACTION NO. D-202-CV-2018-05533<br>Hon. _____ |
| UNITED METHODIST INSURANCE | § § § | |
| *Defendant* | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR NEGLIGENCE, BREACH OF INSURANCE CONTRACT, VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT, AND BAD FAITH ACTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Plaintiff St. Paul's United Methodist Church (hereinafter "Plaintiff"), and complains of Defendant United Methodist Insurance (hereinafter "Defendant"). In support of its claims and causes of action, Plaintiff would respectfully show unto this Honorable Court as follows:

**PARTIES**

1. Plaintiff, St. Paul's United Methodist Church is a New Mexico business, with its principal place of business in Bernalillo, New Mexico.

2. Defendant is a company engaged in the business of adjusting insurance claims. This includes commercial policy number UMI0012226 (hereinafter "the Policy") and claim number 004730-001136-RB-01(hereinafter "Claim"). Both of which apply to Plaintiff's commercial property and is at issue in the present case.

3. Defendant United Methodist Insurance may be served through the Office of Superintendent of Insurance by delivering a copy of the complaint to the Office of Superintendent of Insurance, Attn: Service of Process, P.O. Box 1689, Santa Fe, New Mexico 87504-1689.

## JURISDICTION & VENUE

4. This Honorable Court has jurisdiction and venue is proper because: (1) one or more acts or omissions forming the basis for liability occurred in Bernalillo, New Mexico (2) Defendant is a foreign insurance company that engages in the business of insurance in the State of New Mexico, and (3) Plaintiff's causes of action arise out of Defendant's business activities in the State of New Mexico.

5. All conditions precedent to recovery by Plaintiff have been met or have occurred.

## AGENCY

6. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in their normal and routine course and scope of employment with Defendant.

## ALLEGATIONS OF PLAINTIFF

7. This matter resolves largely around a first-party insurance dispute regarding the extent of damages and amount of loss suffered to Plaintiff's property. In addition to seeking economic and penalty based damages from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly evaluating the extensive damages associated with this case.

8. Plaintiff owns the property, which is located at 9500 Constitution Ave NE, Albuquerque, New Mexico 87112 (hereinafter "the Property"), a commercial property.

9. Prior to the occurrence in question, Plaintiff purchased the Policy from Defendant to cover the Property at issue for a loss due to hail, wind, and other enumerated perils.

10. Pursuant to Plaintiff's obligation as a Policyholder, Plaintiff made complete and timely payments of all insurance premiums. Moreover, the Policy covered Plaintiff during the date of loss in question.

11. On or around November 08, 2016 the Property suffered incredible damage due to a severe hail and wind storm. The Property's damage constitutes a covered loss under the Policy. Plaintiff subsequently opened a claim on November 18, 2016 and Defendant assigned an adjuster to adjust the claim. Subsequently, Defendant intentionally and wrongfully refused to issue a full and fair payment for the covered loss as rightfully owed under the Policy. Defendant also failed to provide Plaintiff with an explanation of the basis for its refusal to offer a full and fair settlement, in violation of N.M. STAT. ANN. § 59A-16-20(N). To date Plaintiff has not received and explanation.

12. Defendant and its representatives conspired to intentionally misrepresent the value of Plaintiff's claim as exhibited by Defendant's method of investigation and estimation of Plaintiff's loss, all of which were conducted in such a way in order to intentionally minimalize and underpay the loss incurred by Plaintiff. Specifically, Defendant and its representatives willfully ignored the objective evidence of damage to the Property, all of which constitute a covered loss under the policy and for which Plaintiff is entitled to policy benefits. As a result, Defendant's engineer failed to fully quantify Plaintiff's losses. Thus, Defendant's estimate failed to place Plaintiff in a pre-loss condition. Such bad faith misconduct is a violation of N.M. STAT. ANN. § 59A-16-20(E) for failing in good faith to effectuate a prompt, fair, and equitable settlement when liability has become reasonably clear.

13. Defendant's initial investigation forced Plaintiff to bear its own cost and hire a professional estimate writer, Insurance Appraisal Group, LLC, to create a proper estimate of the damages. On or around July 18, 2017, Insurance Appraisal Group, LLC inspected the Property. Following this inspection, Insurance Appraisal Group, LLC estimated the damage to the Property to be $1,319,815.58. Based on the investigation, Plaintiff's estimate writer recommended significant repairs the Property, including the full removal and replacement of multiple roofing systems, including but not limited to: removal and replacement of 4" and 2" ISO board; removal and replacement of 9,743.95 linear feet of metal roofing material; removal and replacement of built-up roofing systems; and replacement of roof flashing as soft metals cannot be reused under IRC 907.5.. Additionally, for the work to be completed on the property's roofs, Plaintiff's estimate writer included Occupational Health and Safety Association (OSHA) requirements.

14. In addition, Plaintiff's estimate writer recommended significant repairs to several of the buildings' interiors, including but not limited to: restoration and remodel of the 2' x 4' suspended ceiling tiles; tear out and bagging of wet insulation; and costs associated with content manipulation.

15. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore, grossly undervalued all of the damages sustained to the Property, nor did Defendant's estimate address Insurance Appraisal Group, LLC's scope and estimate. As a result of this conduct, Plaintiff's claims were intentionally and knowingly underpaid.

16. Defendant's adjusters acted as authorized agents of Defendant. Defendant's adjusters acted within the course and scope of their authority as authorized by Defendant. Plaintiff relied on Defendant and its adjusters to properly investigate, evaluate, and adjust the claim regarding the

Property and to issue payments to fix such damage. To date, proper payments have not been made regarding this claim.

17. All conditions precedent to recovery by Plaintiff have been met or have occurred.

18. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such actions were done with the full authorization or ratification of Defendant and/or were completed in the normal and routine course and scope of employment with Defendant.

19. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to the following causes of action.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

20. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

21. According to the Policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages and to pay Plaintiff's Policy benefits for the claim made due to the extensive damages caused by the November 08, 2016 hail and wind storm.

22. As a result of the November 08, 2016 storm, Plaintiff suffered severe damage.

23. Despite objective evidence of such damages, Defendant has breached its contractual obligations under the Policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

24. Such denial is wrongful and a breach of the insurance contract.

25. As a result of the breach of contract Plaintiff is entitled to all property damages resulting therefrom.

## COUNT II: UNFAIR INSURANCE CLAIM PRACTICES

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

27. The acts and failures to act of Defendant, as enumerated above, constitute unfair claims practices which are prohibited pursuant to the New Mexico Unfair Insurance Claims Practices Act, NMSA 1978, § 59A-16-20, including but not limited to:

   A. Misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

   B. Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

   C. Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

   D. Failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

   E. Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

   F. Failing to settle all catastrophic claims within a ninety-day period after the assignment of a catastrophic claim number when a catastrophic loss has been declared;

   G. Compelling insureds to institute litigation to recover amounts due under policy by

offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;

H. Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

I. Attempting to settle claims on the basis of an application that was altered without notice to, or knowledge or consent of, the insured, his representative, agent or broker;

J. Failing, after payment of a claim, to inform insureds or beneficiaries, upon request by them, of the coverage under which payment has been made;

K. Making known to insureds or claimants a practice of insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

L. Delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

M. Failing to settle an insured's claims promptly where liability has become apparent under one portion of the policy coverage in order to influence settlement under other portions of the policy coverage; and/or

N. Failing to promptly provide an insured a reasonable explanation of the basis relied

on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

28. Defendant knowingly engaged such in acts with such a frequency as to indicate a general business practice of failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies; and not attempting in good faith to effectuate prompt, fair, and equitable settlements of an insured's claims in which liability has become reasonably clear.

29. Defendant act in such a way to consistently delay, deny or undervalue property claims made by its insureds.

30. As a direct and proximate result of the unfair claims practices of Defendant, Plaintiff has suffered compensatory damages, incidental damages, and consequential damages in a monetary amount to be determined at trial.

31. Plaintiff is also entitled to an award of attorney's fees and costs under the statute.

## COUNT III: BAD FAITH

32. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

33. There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policyholder.

34. Fair dealing means to act honestly and in good faith in the performance of the contract.

35. The insurance company must give equal consideration to its own interests and the interests of the policy holder.

36. An insurance company and its employees act in bad faith when they refuse to pay a claim of the policyholder for reasons which are frivolous or unfounded.

37. In deciding whether to pay a claim, the insurance company and its employees and agents must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim.

38. A failure to timely investigate, evaluate, and/or pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

39. The acts and failures to act of Defendant as enumerated above constitutes a breach of their duty of good faith to Plaintiff.

40. The Defendant's actions taken were unreasonable, and there was further delay by the Defendant in not investigating this matter on a timely basis and in an appropriate way such that there was a breach of duty of honesty and good faith and performance of the insurance contract such that the actions of the Defendant herein constituted bad faith.

41. The Defendant acted in bad faith in refusing to pay a claim of policyholder and did not act in fair dealing meaning good faith and performance of the contract such that the actions constitute bad faith.

42. The actions of the Defendant were in bad faith in an effort to settle or resolve this matter in that they have a duty to timely investigate and fairly evaluate the claim of the insured, and Defendant has not done so in this case which constitutes bad faith.

43. The investigation was not conducted in a competent manner such that the actions of the Defendant were in bad faith.

44. The actions of the Defendant in refusing to pay under either of the claims constitutes bad faith under the common law, such that the actions are without reason and that are designed to prevent the insured from collecting damages to which they are reasonably entitled.

45. As a direct result of the bad faith of Defendant, Plaintiff has suffered compensatory damages, incidental damages and consequential damages, in a monetary amount to be determined at trial.

46. The acts and failures to act of Defendants as enumerated above, constitutes an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, § 39-2-1.

## COUNT IV: NEGLIGENCE

47. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

49. Defendant and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

   A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

   B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

50. The acts and failures to act by and of Defendant were malicious, willful, reckless, wanton, oppressive, in bad faith, and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## WAIVER & ESTOPPEL

51. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

52. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

53. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff that far exceeds the minimum jurisdictional limits of this Honorable Court.

## ATTORNEY'S FEES

54. As described above, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to NMSA 1978, § 39-2-1 and NMSA 1984, § 57-2-1.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

## **PRAYER**

Plaintiff prays that judgement be entered against Defendant, and that Plaintiff be awarded the actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgement interest, reasonable and necessary attorney's fees, court costs and for all other such relief, general or specific, in law or in equity, whether pled or unpled within this Original Complaint.

WHEREFORE, PREMISES CONSIDERED, for all reasons set forth above, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Jonathan L.R. Baeza*
**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
**JONATHAN L.R. BAEZA**
State Bar No. 148953
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)
jonathan@martinezlawyers.com
**Attorney for Plaintiff**

*Of Counsel listed on following page*

OF COUNSEL:

**McClenny, Moseley & Associates, PLLC**
James M. McClenny – Pending *Pro Hac Vice* Admission
State Bar No. 2764142
Federal ID No. 2706476
Derek L. Fadner – Pending *Pro Hac Vice* Admission
State Bar No. 24100081
Federal ID No. 2973064
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713.334.6121
Facsimile: 713.322.5953
James@mma-pllc.com
Derek@mma-pplc.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/25/2018 12:47 PM
James A. Noel
DeAnne Santistevan

SECOND JUDICIAL DISTRICT
STATE OF NEW MEXICO
BERNALILLO, NEW MEXICO

| | | |
|---|---|---|
| ST. PAUL'S UNITED METHODIST CHURCH | § § § | |
| *Plaintiff* | § | |
| v. | § § | CIVIL ACTION NO. D-202-CV-2018-05533 |
| UNITED METHODIST INSURANCE | § | Hon. _____ |
| *Defendant* | § § | |

## COURT-ANNEXED ARBITRATION CERTIFICATION

COMES NOW PLAINTIFF, BERNIE ROMERO, through its attorney of record Jonathan L.R. Baeza, pursuant to Second Judicial District Local Rule 2-603, certifies as follows:

☐    This party seeks **only a money judgment and the amount sought does not exceed** twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

☑    This party seeks relief **other than a money judgment and/or seeks relief in excess of** twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

Signature: _____
Printed Name: Jonathan L.R. Baeza
Law Firm: Martinez & Martinez Law Firm, PLLC
Address: 730 E. Yandell Dr.
City/State/Zip: El Paso, Texas 79902
Phone/Fax: 915-541-100 / 915-541-1002

I hereby certify that an endorsed copy of the foregoing pleading was mailed or delivered to all parties entitled to notice on this   6th   day of   July   , 2018

Signature: _____

*Plaintiff St. Paul's United Methodist Church's Original Complaint*                              Page | 1

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/25/2018 12:47 PM
James A. Noel
DeAnne Santistevan

SECOND JUDICIAL DISTRICT
STATE OF NEW MEXICO
BERNALILLO, NEW MEXICO

ST. PAUL'S UNITED
METHODIST CHURCH,                           Cause No: D-202-CV-2018-05533

    Plaintiff,

vs.                                          Hon. _____

UNITED METHODIST INSURANCE

    Defendants.

# JURY DEMAND

Plaintiff requests a trial by jury and respectfully asks this Court to place this Case in the Jury Docket. Plaintiff requests 6 jurors.


                                 Respectfully submitted,

                                 */s/ Jonathan L.R. Baeza*
                                 MARTINEZ & MARTINEZ LAW FIRM, PLLC
                                 **JONATHAN L.R. BAEZA**
                                 State Bar No. 148953
                                 730 E. Yandell Dr.
                                 El Paso, Texas 79902
                                 (915) 541-1000
                                 (915) 541-1002 (Facsimile)
                                 jonathan@martinezlawyers.com

                                 **Attorney for Plaintiff**

*Of Counsel listed on following page*

1

OF COUNSEL:

**McClenny, Moseley & Associates, PLLC**
James M. McClenny – Pending *Pro Hac Vice* Admission
State Bar No. 2764142
Federal ID No. 2706476
Derek L. Fadner – Pending *Pro Hac Vice* Admission
State Bar No. 24100081
Federal ID No. 2973064
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713.334.6121
Facsimile: 713.322.5953
James@mma-pllc.com
Derek@mma-pplc.com

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
1/3/2019 3:02 PM
James A. Noel
CLERK OF THE COURT
Brittany Tso

**ALIAS SUMMONS**

| District Court: **Second Bernalillo** County, New Mexico<br>Court Address: **400 Lomas Blvd. NW Albuquerque, NM 87102**<br>Court Telephone Number.: **505-841-8400** | Case Number: **D-202-CV-2018-05533**<br><br>Judge: **Hon. Barela-Shepherd, Denise** |
|---|---|
| Plaintiff(s): **ST. PAUL'S UNITED METHODIST CHURCH**<br>vs.<br>Defendant(s):**UNITED METHODIST INSURANCE** | Defendant(s): **UNITED METHODIST INSURANCE**<br>**Attn: Jeffrey P. Johnson**<br>**Primmer Piper Eggleston & Cramer PC**<br>**30 Main St., Ste. 500, Burlington, VT 05402** |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Alias Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____, New Mexico, this ____ day of 12/11/2018, 20___.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Cathy Chavez, Deputy

Attorney for Plaintiff
**Jonathan L.R. Baeza**
*Martinez & Martinez Law Firm, PLLC*
*730 E. Yandell Dr.*
*El Paso, Texas 79902*
*Phone: 915-541-1000*
*Fax: 915-541-10002*
*Email: jonathan@martinezlawyers.com*

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO    )
                       )ss
COUNTY OF BERNALILLO   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the 21st day of December, 2018 by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(*check one box and fill in appropriate blanks*)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[X] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*). 7017 3040 0000 7449 0026

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for

defendant _____.

[ ]  to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[ ]  to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

Fees: _____

[signature]
Signature of person making service

Process Server
Title (*if any*)

Subscribed and sworn to before me this 28th day of December, 2018.[2]

[signature] Cynthia Hernandez
Judge, notary or other officer
authorized to administer oaths

Notary
Official title

[Notary seal: CYNTHIA A. HERNANDEZ — Notary Public, State of Texas — Comm. Expires 10-05-2020 — Notary ID 130850621]

## USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.


**UNITED STATES**
**POSTAL SERVICE**

December 24, 2018

Dear richard dryden:

The following is in response to your request for proof of delivery on your item with the tracking number: **7017 3040 0000 7449 0026**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | December 21, 2018, 3:15 pm |
| **Location:** | BURLINGTON, VT 05401 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

**Weight:**  4.0oz

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | *[signature]* |
| Address of Recipient: | 30 Main St |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004